Fuentes-Romero v. Holder

BIA
Nelson, I.J.
A089 096 299

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:
 ROBERT A. KATZMANN,
  *Chief Judge,*
 DEBRA ANN LIVINGSTON,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

JOHANNA LISBETH FUENTES-ROMERO,
 *Petitioner,*

 v.                                    13-20
                                       NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:      Andrew P. Johnson, New York, New
                     York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; Jennifer Williams, Senior
                     Litigation Counsel; Lance L. Jolley,

**Trial Attorney, Civil Division,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Johanna Lisbeth Fuentes-Romero, a native and citizen of El Salvador, seeks review of a December 13, 2012, order of the BIA affirming the October 26, 2011, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Johanna Lisbeth Fuentes-Romero*, No. A089 096 299 (B.I.A. Dec. 13, 2012), *aff'g* No. A089 096 299 (Immig. Ct. N.Y. City Oct. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

First, we conclude that we lack jurisdiction to review the agency's pretermission of Fuentes-Romero's asylum application as untimely, as Fuentes-Romero presents no constitutional claims or questions of law.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  To the extent Fuentes-Romero attempts to raise any constitutional claims or questions of law, she failed to exhaust such claims before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007).  We therefore dismiss the petition to the extent that it challenges the pretermission of her asylum claim.

Second, we discern no error in the agency's finding that Fuentes-Romero failed to show that she belongs to a particular social group, as required to establish eligibility for withholding of removal.  *See* 8 U.S.C. § 1231(b)(3).  The agency properly rejected Fuentes-Romero's proposed social group of persons with parents in the United States who are perceived to have money, as wealth or perceived wealth is not a cognizable social group. *Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007). Fuentes-Romero did not argue before the agency that she belongs to the social group "women without male protection,"

and we decline to reach that unexhausted claim. *Lin Zhong*, 480 F.3d at 124.

Finally, Fuentes-Romero did not demonstrate that she was eligible for CAT relief, as she failed to provide particularized evidence establishing that she would be tortured with government acquiescence if returned to El Salvador. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk